No. 85,555

STATE OF KANSAS, *Appellee*, v. LEWIS JONES, JR., *Appellant*.

(35 P.3d 887)

Opinion filed December 7, 2001.

*Cory Riddle*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, appeared on the brief for appellant.

*Ian H. Taylor*, assistant district attorney, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, appeared on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Appellant challenges the district court's denial of his motion to correct an illegal sentence.

On March 30, 1983, Lewis Jones, Jr., was convicted of one count of robbery and one count of kidnapping. Prior to sentencing, the State notified Jones of its intent to request imposition of the Habitual Criminal Act.

At the sentence hearing, the district court admitted records and fingerprint cards from the United States Penitentiary at Leavenworth and, over defendant's objection, similar records from the Kansas State Industrial Reformatory at Hutchinson. Richard Cook, latent print examiner for the Wichita Police Department, testified that he rolled Jones' fingerprints on April 21, 1983, and compared Jones' fingerprints with the fingerprint cards from other institutions. Cook testified that the fingerprint impressions he rolled from Jones matched the fingerprint cards from the State's exhibits.

Based on the records and fingerprint cards, the district court found that Jones had two prior felonies: an armed robbery in Hutchinson, Kansas, and a conspiracy to commit bank robbery in Chetocah, Oklahoma. The district court sustained the State's motion to impose the Habitual Criminal Act and sentenced Jones to 45 years to life on the kidnapping count and 15 to 60 years on the robbery count, to run concurrently.

On February 10, 2000, approximately 17 years after his conviction, Jones filed a motion to correct an illegal sentence pursuant to K.S.A. 22-3504. An "illegal sentence" is either a sentence imposed by a court without jurisdiction; a sentence which does not conform to the statutory provisions, either in the character or the term of the punishment authorized; or a sentence which is ambiguous with respect to the time and manner in which it is to be served. *State v. Frazier*, 248 Kan. 963, 811 P.2d 1240 (1991). The Supreme Court has general statutory jurisdiction to correct, modify, vacate, or reverse any act, order, or judgment of a district court in order to assure that any such act, order, or judgment is just, legal, and free of abuse. K.S.A. 60-2101(b). The court has specific statutory jurisdiction to correct an illegal sentence at any time. K.S.A. 22-3504. *State v. Scherzer*, 254 Kan. 926, 869 P.2d 729 (1994). Jones claimed that (1) neither the journal entry nor the court's records contain the evidence relied upon to impose the Habitual Criminal Act, and (2) because the journal entry does not indicate that he was represented by counsel in the two prior felonies, it failed to comply with K.S.A. 22-3426(a) (Ensley 1981).

At the hearing to determine if Jones had been illegally sentenced, the State advised the district court that the records and

fingerprint cards from the United States Penitentiary at Leavenworth and the Kansas State Industrial Reformatory at Hutchinson had been lost or destroyed and, therefore, could not be produced at the hearing. The district judge took judicial notice that the procedure in Sedgwick County regarding exhibits is that exhibits are not generally kept as part of the court record after the court reporter records the exhibits.

The judge stated:

"The law's very clear that there's a presumption of regularity in a court's findings, and the law's also clear that the journal entry of judgment is merely—I shouldn't say merely but—it is—it is merely symbolic of the court's ruling, that the court's ruling is really contained in the transcript of the hearing.

"And I find the fact that the journal entry entered on this—in this case, the one that was filed on May the 5th of '83, is not controlling. It wouldn't be controlling if it was adequate, if on its face it showed that what Mr. Intagliata's complaining of now had been the court's finding. It's what the judge really said at the time of the hearing that controls.

"I'll find that, as a matter of law, that the statute—that neither the statute nor the case law require a sentencing judge to make findings in a one, two, three, four fashion as that's set out in the statute book.

"I'm sure on appeal the Court of Appeals will at a minimum say that's the better practice and that's the way it oughta be done. But I don't think the Court of Appeals and/or the Supreme Court are going to say that a judge has to do that.

"I find the general findings made by Judge Helsel on the record in 1983, on April the 22nd of 1983, are in substantial compliance with the statutory requirements and they are sufficient.

"I've already made another legal finding or ruling that I will reiterate and, that is, that it's the defendant's burden to show that he didn't have counsel at some prior—in some prior case if he's going to raise that as a basis for setting aside his plea.

"I'll find as a matter of mixed fact and law that the proceedings in this case imposing the Habitual Criminal Act were sufficient, and I'll deny the defendant's motion . . . . to set aside the sentencing and have a new sentencing."

On appeal, Jones contends that the district court erred in denying his motion to correct an illegal sentence because (1) the journal entry of sentencing did not comply with K.S.A. 22-3426 (Ensley 1981) and (2) the record of sentencing is silent as to whether he was represented by counsel in the prior convictions used to invoke the Habitual Criminal Act.

Motions to correct an illegal sentence are governed by K.S.A. 22-3504. A motion under K.S.A. 22-3504 is a part of the underlying criminal proceeding. *State v. Thomas*, 239 Kan. 457, 459, 720 P.2d 1059 (1986). The court may correct an illegal sentence at any time. K.S.A. 22-3504(1); *State v. Perez*, 267 Kan. 543, 549, 987 P.2d 1055 (1999). The issue of whether a criminal sentence is illegal is a question of law. *State v. Sisk*, 266 Kan. 41, 43, 966 P.2d 671 (1998). On questions of law, this court's review is unlimited and the court is not bound by the decision of the district court. *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

It is a fundamental rule that a person convicted of a crime is given the sentence in effect when the crime was committed. *State v. Tiffany*, 267 Kan. 495, 503, 986 P.2d 1064 (1999). The controlling Habitual Criminal Act penalties are those which were in effect at the time the offense was committed. *State v. Patterson*, 257 Kan. 824, 825, 896 P.2d 1056 (1995).

Under the Habitual Criminal Act, former convictions may be applied to enhance the sentence once the trial court finds from competent evidence the fact of former convictions for felonies committed in or out of the state. *State v. Crispin*, 234 Kan. 104, 111, 671 P.2d 502 (1983). Due process requires that the State prove the existence of prior convictions in every essential particular, unless admitted by the defendant, before the prior convictions can be used to enhance the sentence. *State v. Perez*, 21 Kan. App. 2d 217, 222, 897 P.2d 1048 (1995).

The complaint is a written statement under oath of the essential facts constituting a crime. K.S.A. 22-2202(6). The complaint charging Jones indicates that the crimes were committed on or about November 29, 1982. K.S.A. 1982 Supp. 21-4504, which was the effective sentencing statute to impose the Habitual Criminal Act, provided, in part:

"(b) If a defendant is convicted of a felony a third or subsequent time, the trial judge shall sentence the defendant as follows, upon motion of the prosecuting attorney:

(1) The court shall fix a minimum sentence of not less than the greatest nor more than three times the greatest minimum sentence authorized by K.S.A. 21-

4501 and amendments thereto, for the crime for which the defendant is convicted; and

(2) the court may fix a maximum sentence of not less than the least nor more than three times the greatest maximum sentence provided by K.S.A. 21-4501 and amendments thereto, for the crime."

When Jones' sentence was enhanced and imposed, K.S.A. 22-3426 (Ensley 1981) provided:

"(a) When judgment is rendered or sentence of imprisonment is imposed, upon a plea or verdict of guilty, a record thereof shall be made upon the journal of the court, reflecting, if applicable, conviction or other judgment, the sentence if imposed, and the commitment, which record among other things shall contain a statement of the crime charged, and under what statute; the plea or verdict and the judgment rendered or sentence imposed, and under what statute, and a statement that the defendant was duly represented by counsel naming such counsel, or a statement that the defendant has stated in writing that he or she did not want counsel to represent him or her.

"(b) If defendant is sentenced to the custody of the secretary of corrections the journal entry shall record all the information required under K.S.A. 21-4620 to be included in a judgment form, if it were used.

"(c) The journal entry shall also include name and residence of the officer before whom the preliminary trial was held, the judge presiding at the trial, and of the witnesses sworn on such trial.

"(d) If the sentence is increased because defendant previously has been convicted of one or more felonies the record shall contain a statement of each of such previous convictions, showing the date, in what court, of what crime and a brief statement of the evidence relied upon by the court in finding such previous convictions. Defendant shall not be required to furnish such evidence.

"(e) It shall be the duty of the court personally to examine the journal entry and to sign the same."

Regarding the prior convictions the sentencing judge relied on in imposing the Habitual Criminal Act in this case, the journal entry states:

"The State then presents evidence in support of its notice of intent to impose the provisions of the Habitual Criminal Act, and the Court, after reviewing the file, hearing the statements of counsel and being fully advised in the premises, sustains said motion."

Also included in the record is the court reporter's transcript of sentencing. The transcript establishes that the sentencing court was satisfied that the State had presented fingerprint and documentary

evidence to prove that Jones had previously been convicted of two felonies.

K.S.A. 22-3426 (Ensley 1981) designates the district court's records necessary when Jones was sentenced in 1983. Subsection (a) of K.S.A. 22-3426 (Ensley 1981) stated that when judgment is rendered in a criminal case, "a *record* thereof shall be made upon the *journal of the court*." (Emphasis added.) It is important to note that the journal of the court and the journal entry of conviction referred to in K.S.A. 22-3426 (Ensley 1981) do not refer to the same document. Subsection (b) stated that "the *journal entry* shall *record* all the information required under K.S.A. 21-4620 to be included in a *judgment form*, if it were used." (Emphasis added.) .

Subsection (c) of 22-3426 (Ensley 1981) provided that the *"journal entry"* shall include certain information. (Emphasis added.) Subsection (d) stated that where the sentence is enhanced because of previous crimes, the *"record* shall contain a statement of each of such previous convictions, showing the date, in what court, of what crime and a brief statement of the evidence relied upon by the court in finding such previous convictions." (Emphasis added.) K.S.A. 22-3426 (Ensley 1981) concludes with subsection (e) providing that it is the duty of the court to personally examine the "journal entry."

The journal entry does not contain a statement of Jones' previous convictions, showing the date, court, or the evidence. The State argues that K.S.A. 22-3426 (Ensley 1981) does not require that the *journal entry* provide such a statement—the statute requires that the *record* contain the statement of the previous crimes. We agree that the statute clearly sets out the requirements of *the record that shall be made upon the journal of the court*. See K.S.A. 22-3426(a) (Ensley 1981).

Neither party cites or refers to K.S.A. 21-4620, which states the requirements of the judgment form in sentencing a defendant to the custody of the Secretary of Corrections. That statute states that if

"the defendant is to be sentenced to the custody of the secretary of corrections, the court may prepare a judgment form which shall be signed by the court and

filed with the clerk. If prepared, the judgment form shall reflect the conviction, the sentence and the commitment, and shall contain the following:
(1) The pronouncement of guilt including:
(A) The title of the crime;
(B) the statute violated; and
(C) the date the offense occurred.
(2) The sentence imposed including:
(A) The terms as required by subsection (2) of K.S.A. 21-4603 and amendments thereto; (B) if applicable, a description of any increase in sentence because of previous felony conviction pursuant to K.S.A. 21-4504 and amendments thereto; . . . (3) The order of commitment to the custody of the secretary, if not issued as a separate order. (b) The court *may attach to or include in the judgment form any of the following*: (1) A statement of reasons for imposing the sentence as ordered other than those reasons required above to be stated; (2) a description of aggravating or mitigating circumstances the court took into consideration when ordering the commitment." (Emphasis added.)

The statutes in effect at the time defendant was sentenced did not require the journal entry to contain a statement of defendant's previous convictions. Appellant's contention that the journal entry in his case did not comply with K.S.A. 22-3426 (Ensley 1981) is without merit.

Jones next challenges the imposition of the Habitual Criminal Act by asserting that the journal entry imposing his sentence in this case is insufficient to establish he was represented by counsel during the previous convictions used to enhance his sentence. For authority, Jones relies on K.S.A. 22-3426 (Ensley 1981), and *State v. Maggard*, 16 Kan. App. 2d 743, 829 P.2d 591, *rev. denied* 251 Kan. 941 (1992).

In *Maggard*, the Court of Appeals reversed the defendant's enhanced sentence, holding that the sentencing court had relied on incompetent evidence (a Missouri rap sheet) to impose the Habitual Criminal Act. The *Maggard* court referred to subsection (d) of 22-3426 and noted that the journal entry reflecting the sentencing of the defendant under the Habitual Criminal Act did not contain the information required by the statute. 16 Kan. App. 2d at 755-56. The *Maggard* court ordered that on remand, if the defendant is resentenced under the Habitual Criminal Act, the journal entry of resentencing must set forth the information required by the statute. 16 Kan. App. 2d at 755-56.

Jones fails to recognize the distinction between a direct challenge and a collateral challenge to the prior convictions used to enhance a sentence. At the sentencing hearing, the State bears the burden of proving the constitutional validity of prior convictions used to enhance a sentence. See K.S.A. 22-3426 (Ensley 1981); *State v. Duke*, 205 Kan. 37, Syl. ¶ 3, 468 P.2d 132 (1970). However, a defendant who collaterally challenges the constitutional validity of prior convictions used to enhance his or her sentence, based on a claim of the absence of counsel, has the burden to show he or she did not have the benefit of counsel at the prior convictions and, absent such a showing, the enhanced sentence is presumed to be regular and valid. *State v. Patterson*, 262 Kan. 481, 490, 939 P.2d 909 (1997).

*Patterson* is controlling. Jones offered no evidence to support his contention that he was not represented by counsel in his previous convictions; therefore, he failed to meet his burden of proof.

Affirmed.