No. 90,148

STATE OF KANSAS, *Appellee,* v. LESLIE NORMAN WALKER, *Appellant.*

(89 P.3d 920)

Opinion filed May 14, 2004.

*Steven R. Zinn,* deputy appellate defender, argued the cause and was on the brief for appellant, and *Leslie Norman Walker,* appellant, was on supplemental brief pro se.

*Keith E. Schroeder,* district attorney, argued the cause, and *Phill Kline,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

BEIER, J., Leslie Walker was convicted of first-degree murder, aggravated kidnapping, aggravated robbery, and conspiracy in 1985. See *State v. Walker,* 239 Kan. 635, 722 P.2d 556 (1986). This appeal arises from denial of his 2002 pro se motion to correct an illegal sentence.

Walker's convictions arose out of the 1984 slaying of Eugene Branton, Jr. At Walker's sentencing hearing, the State moved to invoke the Habitual Criminal Act, K.S.A. 1984 Supp. 21-4504, be-

cause Walker had two prior felony convictions: a burglary conviction in 1973 and a felon in possession of a firearm conviction in 1974. The district court acknowledged that there were two journal entries for these convictions and found the Habitual Criminal Act applicable.

Walker was sentenced to serve consecutively: (1) a life sentence for first-degree murder, as defined by K.S.A. 21-3401 (Ensley 1981); (2) a life sentence for aggravated kidnapping, as defined by K.S.A. 21-3421 (Ensley 1981); (3) 45 years to life for aggravated robbery, as defined in K.S.A. 21-3427 (Ensley 1981); and (4) a term of not less than 15 years nor more than 60 years for conspiracy, as defined by K.S.A. 21-3302 (Ensley 1981). The sentences for the aggravated robbery and conspiracy convictions were tripled pursuant to the Habitual Criminal Act. See K.S.A. 1984 Supp. 21-4501(b), (c) and K.S.A. 1984 Supp. 21-4504(b).

The jury instructions at Walker's trial stated: "The defendant is charged with the crime of conspiracy to commit the crime of first-degree murder, aggravated kidnapping or aggravated robbery." The jury found Walker guilty of conspiracy, but its verdict form did not specify the crime he had conspired to commit.

Walker now makes two complaints about his sentences. First, he asserts that the Habitual Criminal Act was incorrectly applied to his sentences for aggravated robbery and conspiracy. Second, he argues that his conviction for conspiracy was incorrectly categorized as a class C felony.

· This court has jurisdiction to correct an illegal sentence at any time. K.S.A. 22-3504(1). Whether a criminal sentence is illegal is a question of law, and this court has unlimited review of questions of law. *State v. Jones*, 272 Kan. 674, 677, 35 P.3d 887 (2001). "An 'illegal sentence' is . . . a sentence which does not conform to the statutory provisions, either in the character or the term of the punishment authorized. . . . ." 272 Kan. 674, Syl. ¶ 1. "It is a fundamental rule that a person convicted of a crime is given the sentence in effect when the crime was committed. [Citation omitted.] The controlling Habitual Criminal Act penalties are those which were in effect at the time the offense was committed. [Citation omitted.]" 272 Kan. at 677.

Regarding Walker's first sentencing challenge, at the time of Walker's crimes, the Habitual Criminal Act provided:

"(a) If a defendant is convicted of a felony a second time, the punishment for which is confinement . . . the trial judge may sentence the defendant as follows . . . :

(1) The court may fix a minimum sentence of not less than the least nor more than twice the greatest minimum sentence authorized by K.S.A. 21-4501 . . .; and

(2) the court may fix a maximum sentence of not less than the least nor more than twice the greatest maximum sentence . . . for the crime.

"(b) If a defendant is convicted of a felony a third or subsequent time, the trial judge shall sentence the defendant as follows . . .:

(1) The court shall fix a minimum sentence of not less than the greatest nor more than three times the greatest minimum sentence authorized . . .; and

(2) the court may fix a maximum sentence of not less than the least nor more than three times the greatest maximum sentence . . . for the crime.

. . . .

"(d) The provisions of [the act] shall not be applicable to:

(1) Any person convicted of a felony of which a prior conviction of a felony is a necessary element." K.S.A. 1984 Supp. 21-4504.

Walker's aggravated robbery sentence was imposed pursuant to K.S.A. 1984 Supp. 21-4501(b), which stated: For class B felonies, "the sentence . . . shall be an indeterminate term of imprisonment, the minimum of which shall be fixed by the court at not less than five years nor more than 15 years and the maximum of which shall be fixed by the court at not less than 20 years nor more than life." The Habitual Criminal Act was used to triple Walker's sentence for this crime because Walker had two previous convictions, the 1973 burglary and the 1974 firearm possession.

Walker's sentence for conspiracy was imposed pursuant to K.S.A. 1984 Supp. 21-4501(c), which stated: For class C felonies, "the sentence . . . shall be an indeterminate term of imprisonment, the minimum of which shall be fixed by the court at not less than three years nor more than five years and the maximum of which shall be fixed by the court at not less than 10 years nor more than 20 years." This sentence also was tripled under the Habitual Criminal Act because Walker's two prior convictions were counted individually.

The problem with these applications of the Habitual Criminal Act was that Walker's 1973 burglary conviction was a necessary element of his 1974 firearm possession conviction. See *State v. Loudermilk*, 221 Kan. 157, 159, 557 P.2d 1229 (1976) ("Crimes in which the prior conviction of felony is a necessary *element* include . . . possession of a firearm . . . ."). Thus the two convictions should have been counted together rather than individually, making Walker eligible only for the doubling rather than the tripling of his 1985 sentences for aggravated robbery and conspiracy. K.S.A. 1984 Supp. 21-4504(d). See also *State v. Ware*, 201 Kan. 563, 564-65, 442 P.2d 9 (1968) (defendant's enhanced sentence vacated because prior conviction for felonious assault necessary element of possession of firearm); *State v. Murray*, 200 Kan. 526, 530-31, 437 P.2d 816 (1968) ("Because two offenses grow out of a single act the actor has not become an habitual offender"); *State v. Dodd*, 11 Kan. App. 2d 513, Syl. ¶ 1, 728 P.2d 402 (1986) (defendant's enhanced sentence for possession of firearm vacated because conviction dependent on prior felony; 21-4504(d) applied).

Walker should have been sentenced as a second-time offender rather than a third-time offender. See *Murray*, 200 Kan. at 531 ("[A] convict must be subject to sentence for a second felony conviction before he can be sentenced for a third felony conviction.").

The State concedes that Walker's sentences for the aggravated robbery and conspiracy charges were illegal but argues that modification will have little effect because his two controlling life sentences will not be reduced. The State also argues that the doctrine of laches should be applied to bar resentencing. Acknowledging that it must show prejudice to support laches, see *Gillespie v. Seymour*, 250 Kan. 123, Syl. ¶ 7, 823 P.2d 782 (1991), the State points to the likelihood that resentencing would cause trauma to the victim's family.

Neither of these arguments is persuasive. The absence of any effect on Walker's controlling sentences is of no moment. He is correct that his two other sentences are illegal and in need of correction. Further, any trauma that may be suffered by the victim's family is not legal prejudice. Without such prejudice, "[t]he mere passage of time . . . is not enough to invoke the doctrine [of

laches]." 250 Kan. 123, Syl. ¶ 7; see also *Jones*, 272 Kan. at 675 (motion to correct sentence addressed despite passage of 17 years since conviction).

Walker's tripled sentences for aggravated robbery and conspiracy were illegal and must be vacated. This case must be remanded for resentencing in accordance with K.S.A. 1984 Supp. 21-4504(a)(1) and (2).

Walker's second argument — that his conspiracy conviction was incorrectly categorized as a class C felony — rests on the district court's disjunctive jury instruction on conspiracy and the jury's general verdict. He argues that the alternative wording of the conspiracy jury instruction left it unclear whether the jury relied on the murder, aggravated kidnapping, or aggravated robbery charge as the object of the conspiracy.

The conspiracy statute in effect at the time of Walker's crimes stated: "Conspiracy to commit a class A felony is a class C felony. Conspiracy to commit a felony other than a class A felony is a class E felony." K.S.A. 21-3302(3) (Ensley 1981). At that time, first-degree murder and aggravated kidnapping were class A felonies, but aggravated robbery was a class B felony. K.S.A. 21-3401 (Ensley 1981), K.S.A. 21-3421 (Ensley 1981), and K.S.A. 21-3427 (Ensley 1981). In this case, if the aggravated robbery served as the object of the conspiracy, then the conspiracy should have been categorized as a class E felony rather than a class C felony.

The defendant relies on the logic of *State v. Vontress*, 266 Kan. 248, 264, 970 P.2d 42 (1998). In *Vontress*, we examined a guilty verdict on a first-degree murder charge, where the jury's underlying theory could have been premeditated or felony murder or some combination of the two. We held that in such ambiguous circumstances the district court did not have the authority to sentence the defendant to the more serious penalty attached to a premeditated first-degree murder conviction. 266 Kan. at 264.

Walker's logic is sound. As with alternative theories for first-degree murder, the governing conspiracy statute designated more severe penalties for various ways of committing the crime, depending on the supporting theory. In addition, the same constitutional provision at the heart of our *Vontress* holding supports a

similar result here. When the district court is able to determine that the jury found the defendant guilty, but unable to discern from the verdict whether the jury believed the defendant's guilt was based on a theory of the crime that demands a more severe punishment, due process requires that the defendant not be subject to the harsher penalty. See *Vontress*, 266 Kan. at 261-64.

The defendant also directs our attention to *State v. Mullins*, 267 Kan. 84, 977 P.2d 931 (1999). In that case, this court stated: "[W]here a jury verdict is nonspecific and uncertain as to whether an act was committed before or after the effective date of an amended statute, the defendant may be sentenced only [on] the lesser offense or [to the lesser] sentence." 267 Kan. at 99. Mullins' unclear verdict meant he could not be subject to the more severe penalty. 267 Kan. at 99.

The State argues that common sense requires us to hold that the jury's finding of guilt on Walker's conspiracy charge related to the murder and aggravated kidnapping. However, we are required by the rule of lenity to give the benefit of the doubt to Walker rather than the State. *Mullins*, 267 Kan. at 99. There is no indication on the record which crime prompted the jury's verdict of guilt on the conspiracy. "Common sense" does not make the ambiguous verdict clear. See *Mullins*, 267 Kan. at 99.

Walker's sentence for conspiracy should have been categorized as a class E felony rather than a class C felony and must be vacated. This case is remanded for resentencing in accordance with K.S.A. 21-3302(3) (Ensley 1981).

Sentences on aggravated robbery and conspiracy vacated; case remanded for resentencing on those two convictions.