(360 P.3d 484)
No. 113,164

STATE OF KANSAS, *Appellee*, v. RYAN HEATH WHITE, *Appellant*.

Opinion filed October 30, 2015.

*Angela M. Davidson*, of Wyatt & Davidson, LLC, of Salina, for appellant.

*Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., MCANANY and BUSER, JJ.

LEBEN, J.: Ryan White pled no contest to one count of possessing marijuana with intent to distribute, and the district court imposed 36 months of probation with an underlying sentence of 98 months in prison. White completed all of the conditions of his probation, and in October 2014, he filed a motion to be released from his probation early, citing the presumptive-release statute, K.S.A. 2013 Supp. 21-6608(d), which states that low-risk defendants who comply with their probation for 12 months are eligible for early release, unless the district court finds substantial and compelling reasons to keep them on probation. The district court denied White's motion.

White argues on appeal that the district court lacked substantial and compelling reasons to deny his motion for early release. But the State argues that the presumptive-release statute that White relies on doesn't actually apply to his case—White committed his crime in April 2013, and the statute didn't take effect until July 2013. Normally, the statutes in place at the time a crime is committed control unless the language of a new statute clearly shows that the legislature intended to apply it retroactively. We don't find sufficient language here to do so. Since the new presumptive-release statute didn't apply, the district court had complete discretion

on the question of White's early release, and it did not abuse its discretion in denying it. We therefore affirm the district court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The arguments in the district court and on appeal about whether White should have been released early from his probation require consideration of background facts regarding his underlying offense. We begin, then, with the April 2013 search of his Salina home.

Officers discovered a marijuana-growing operation in the basement, including 30 plants, marijuana in various forms, an air-filtration system, special lighting, and marijuana-related paraphernalia. The officers also discovered 31 grams of psilocybin mushrooms, various firearms, envelopes of cash, and items relating to explosives. In the detached garage, officers found what appeared to be an assembled pipe bomb, but when opened, it contained more marijuana. The State charged White with five counts of drug crimes and one count of criminal use of explosives.

In July 2013, White pled no contest to one count of possessing marijuana with intent to distribute, a level-2 nonperson drug felony. The State dismissed the other charges. At sentencing, in August 2013, the district court imposed 36 months of probation with an underlying sentence of 98 months in prison (the standard sentence based on the severity of the crime and White's criminal-history score). Although White's presumptive guidelines sentence was prison, the State recommended probation because White had no prior convictions, ran his own company, owned his home, and would benefit from drug treatment. In addition to complying with the statutory requirements of probation, White was required to (1) obtain an alcohol and drug evaluation and follow all recommendations, (2) refrain from possessing and consuming alcohol and drugs, (3) submit to drug testing, (4) gain and maintain employment, (5) notify his supervising officer of changes in employment, residence, and phone number, (6) comply with travel and curfew restrictions set by his supervising officer, (7) submit to DNA testing, (8) complete 40 hours of community service, and (9) pay costs of $1,313.

White completed these conditions, and in October 2014, he filed a motion for an early release from his probation. At the hearing on his motion, White's probation officer recommended release but admitted that in making that recommendation, she did not consider the facts surrounding White's arrest or that his probation was a dispositional departure from a prison sentence. The State argued White should not be released from probation because of the facts surrounding his arrest and because White's sentence was a dispositional departure that he had bargained for in a plea agreement. The district court denied White's motion, citing these reasons and noting that because White was convicted of a drug offense, he would benefit from additional supervision to ensure that he isn't using drugs. White has appealed to this court.

## ANALYSIS

The State argues that the presumptive-release statute under which White requested relief does not apply to White's case. White's brief didn't address this issue, and he did not file a reply brief.

When White committed his crimes in April 2013, there was no statute mandating presumptive early release for certain successful probationers. See K.S.A. 2012 Supp. 21-6608. On July 1, 2013, the first version of the presumptive-release statute became effective:

"(d) In addition to the provisions of subsection (a), a defendant who has a risk assessment of low risk, has paid all restitution and has been compliant with the terms of probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction for a period of 12 months shall be eligible for discharge from such period of supervision by the court. The court shall grant such discharge unless the court finds substantial and compelling reasons for denial of such discharge." K.S.A. 2013 Supp. 21-6608(d).

This 2013 version was in effect at the time of White's sentencing. The presumptive-release statute was amended again on July 1, 2014, to modify the last sentence: "The court shall grant such discharge unless the court finds by clear and convincing evidence that denial of such discharge will serve community safety interests." K.S.A. 2014 Supp. 21-6608(d). The 2014 version was in effect when the court heard White's motion for early release. But neither version was in effect when White committed his crimes.

We start our analysis with two general propositions. First, the criminal penalties in effect at the time of an offense determine the punishment for the offense. *State v. Williams,* 291 Kan. 554, 559, 244 P.3d 667 (2010), *overruled on other grounds by State v. Keel,* 302 Kan. 560, 357 P.3d 251 (2015); *State v. Walker,* 277 Kan. 849, 850, 89 P.3d 920 (2004). Because White's crimes took place in April 2013 and the presumptive-release statute became effective on July 1, 2013, the only way the presumptive-release statute can apply to White is if it applies retroactively. No published appellate decision has addressed this question. Second, a statutory change operates only prospectively unless its language clearly shows that the legislature intended it to operate retroactively or if the change is merely procedural and doesn't prejudicially affect the parties' substantive rights. *State v. Reese,* 300 Kan. 650, 653, 333 P.3d 149 (2014); *Williams,* 291 Kan. at 557. Procedural law deals with the steps by which a person who violates a law is punished, while substantive law declares what acts are crimes and prescribes the punishments for those crimes. *State v. Hutchinson,* 228 Kan. 279, 287, 615 P.2d 138 (1980).

Here, neither the 2013 nor the 2014 statute contains explicit language suggesting that the statute applies retroactively. The 2014 version amended the evidentiary standard in the last sentence but didn't add any language to make it retroactive. K.S.A. 2014 Supp. 21-6608(d); see also *State v. Sutherland,* 248 Kan. 96, 106, 804 P.2d 970 (1991) (giving an example of retroactive language in a statute that stated " 'regardless of when the inmate was sentenced or committed the crime for which sentenced, good time credits shall be allocated as follows' "). So it would seem that the only way the presumptive-release statute could apply retroactively is if it is procedural and not substantive. See *State v. Dreier,* 29 Kan. App. 2d 958, 959, 34 P.3d 480 (2001).

Generally, sentencing statutes are substantive because they affect the length of a person's sentence. *Sutherland,* 248 Kan. at 106-07. The issue before us relates to the potential retroactive application of a statutory amendment related to probation; several past cases dealing with changes to probation statutes have applied the general rule that sentencing statutes are substantive so the amendments to them are not retroactive. *E.g., State v. Freeman,* 249 Kan. 768, 771-72, 822 P.2d 68 (1991) (holding that a statute that gave

the State an additional 30 days to file a motion to revoke probation was substantive and not retroactive, because if applied, it would have changed the length of the defendant's probation); *State v. Kurtz*, 51 Kan. App. 2d 50, 56, 340 P.3d 509 (2014) (holding that an amendment to a statute on probation-violation sanctions was substantive and not retroactive), *rev. denied* September 23, 2015; *Dreier*, 29 Kan. App. 2d at 959 (holding that an amendment to a probation-revocation statute that reduced the harshness of penalties for the first probation violation was a substantive amendment and not retroactive).

Perhaps the closest precedent to our situation is our Supreme Court's 1991 decision in *Sutherland*. There, the legislature had amended a statute to state that within 120 days of sentencing, the district court "shall" modify a person's sentence if a state diagnostic center recommends doing so. 248 Kan. at 104. Previously, the statute had stated that the district court "may" modify a person's sentence. *Sutherland*, 248 Kan. at 104. The statutory change is analogous to the one here: previously, a district court had full discretion to terminate a person's probation early, but now, under certain circumstances, the district court must either terminate a person's probation or give specific reasons why it won't. See K.S.A. 2013 Supp. 21-6608(a), (d). The *Sutherland* court disagreed with a Court of Appeals panel that had found the statutory amendment was procedural and did not "alter the punishment itself" because the amendment dealt with the length of the sentence. 248 Kan. at 105-07. Probation is a form of sentence, see K.S.A. 2014 Supp. 21-6604(a), so the amendment here to the length of probation similarly affects the length of a person's sentence. The change is therefore substantive and, under the logic in *Sutherland*, does not apply retroactively.

We recognize that the Kansas Sentencing Commission has taken the position that the presumptive-release statute applies to anyone who had been in compliance with probation terms for 12 months as of July 1, 2013, the effective date of the statute. See "HB 2170—Frequently Asked Questions," available at goo.gl/OrOXk9 (accessed September 29, 2015). That would, of course, require retroactive application of the statute, because anyone with 12 months

of compliance on July 1, 2013, would be eligible for presumptive release, regardless of when the original crime was committed. We are unable to reconcile that conclusion with the general principles cited in this opinion combined with the sentencing cases we have already discussed.

We do note that our Supreme Court found in *Reese* that a change in a sentencing statute *did* apply when sentencing defendants even though their crimes were committed before the effective date of that statute. The statute at issue there dealt specifically with the determination of the defendant's criminal history for sentencing purposes in DUI cases. The court noted that "[p]rior DUI convictions have been consistently and repeatedly treated as sentence enhancements, rather than elements of the crime." 300 Kan. at 655. Given that understanding, the court construed the statutory language—about " '*determining* whether a conviction is a first, second, third, fourth, or subsequent conviction *in sentencing* under this section' "—to be "consistent with the concept of establishing the prior convictions *at the time of sentencing*." (Emphasis added.) 300 Kan. at 657.

One could argue that our case is similar to *Reese* in that the presumptive-release statute speaks about a defendant's characteristics while on probation (*i.e.*, is low risk, has paid restitution, and has demonstrated compliance with probation terms), just as *Reese* deals with characteristics of a defendant's DUI conviction (whether it was the first, second, third, etc.). K.S.A. 2013 Supp. 21-6608(d); K.S.A. 2014 Supp. 21-6608(d). But the court in *Reese* emphasized "the unique sentencing scheme applicable to DUIs," 300 Kan. at 658, and the authorities we have reviewed in this opinion interpreting the sentencing and probation provisions under the Kansas Sentencing Guidelines Act suggest that the statute at issue here would need clearer language indicating it is retroactive for us to apply it that way.

In sum, K.S.A. 2013 Supp. 21-6608(d) is substantive, does not contain language clearly making it retroactive, and thus cannot be applied to White. That still left the district court with discretionary authority to terminate White's probation early under K.S.A. 2014 Supp. 21-6608(a): "Probation . . . may be terminated by the court

at any time." This part of the statute has not changed in recent years, and with the word "may," it grants district courts complete discretion to terminate probation. K.S.A. 2014 Supp. 21-6608(a); see also *State v. Raschke*, 289 Kan. 911, 923, 219 P.3d 481 (2009) (noting the difference between "may," which grants discretion, and "shall," which doesn't). We therefore review the district court's decision for an abuse of discretion, which occurs if the district court's decision was arbitrary or was based on an error of law or fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

We find no abuse of discretion here. Although White's probation officer testified that White had fully complied with the conditions of his probation to the date of the hearing, the State argued against release because of the severity of White's crimes. The State also argued for continued probation because White would have been in prison for almost 9 years if the court hadn't granted the downward departure to probation and because White had made a plea agreement. The district court accepted the State's arguments; it added that White would benefit from continued supervision to ensure he didn't return to using drugs. A reasonable person could agree with the district court, so we find no abuse of discretion.

We should note two other procedural matters regarding this appeal. First, our court ordered the parties to brief the question of our jurisdiction since a defendant cannot appeal a conviction entered on a plea of guilty or no contest under K.S.A. 2014 Supp. 22-3602(a) and a defendant cannot appeal a presumptive sentence under our state's sentencing guidelines under K.S.A. 2014 Supp. 21-6820(c). Both sides responded that we have proper jurisdiction over the appeal, and we agree. White doesn't challenge his original conviction; nor does he challenge his presumptive sentence. Rather, he challenges the district court's denial of early release from probation. The appeal is analogous to an appeal of probation revocation: the appeals are connected to sentencing but are not the same as a challenge to the sentence itself. Second, the State did not argue in the district court that the presumptive-release statute wasn't retroactive, and ordinarily a party cannot raise an issue on appeal that wasn't raised in the district court. But the State has argued an exception to that rule—that the newly asserted claim

involves only a question of law arising on proved or admitted facts that is determinative of the issue on appeal—and we agree that *it* applies. See *State v. Anderson*, 294 Kan. 450, 464, 276 P.3d 200, *cert. denied* 133 S. Ct. 529 (2012). In addition, we may consider the new argument because it provides an alternate rationale for affirming the district court's judgment. 294 Kan. at 464.

We conclude by noting that White's case exemplifies the purpose of dispositional-departure sentences: instead of going to jail, he received treatment for his drug use and has not committed any new crimes. He also has fully complied with the conditions of his probation, without a single violation. Thus, he appears to be the type of person for whom the presumptive-early-release statute was designed. The legislature certainly is free to apply it to someone in White's position. We simply need clear language telling us to do so.

The district court's judgment is affirmed.