NOT DESIGNATED FOR PUBLICATION

No. 122,736

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COOKEY LEE PHILLIPS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion on remand filed
June 24, 2022. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and POWELL, JJ.

PER CURIAM: In an earlier appeal before us, Cookey Lee Phillips argued that his
sentence was illegal because the presentence investigation (PSI) report did not have
enough information to conclude that his 2002 conviction for fleeing or eluding law
enforcement was a felony. The State, however, argued that a remand and resentencing
was not appropriate because Phillips did not challenge his sentence as illegal and because
Phillips did not object to his criminal history score at sentencing. Nevertheless, we
vacated his sentence and remanded his case to the trial court with directions to determine

1

if Phillips' 2002 fleeing and eluding conviction was properly classified for criminal history purposes.

Phillips and the State both petitioned for review. Our Supreme Court denied Phillips' petition and granted the State's petition. By order, our Supreme Court summarily vacated the portion of this court's opinion finding that the State failed to meet its burden to prove Phillips' criminal history. Our Supreme Court remanded the matter to this court for reconsideration in light of *State v. Roberts*, 314 Kan. 316, 498 P.3d 725 (2021). Because we conclude that the State met its burden to prove Phillips' criminal history, we affirm his sentence.

PROCEDURAL HISTORY

A jury found Phillips guilty of two counts of aggravated robbery in October 2015. *State v. Phillips*, No. 115,326, 2017 WL 4216234, at *2 (Kan. App. 2017) (unpublished opinion) (*Phillips I*). At sentencing, Phillips objected to the criminal history score in the PSI report. The trial court spoke with Phillips as follows:

"THE COURT:  Mr. Phillips, do you have any objection to any of the findings set forth in your PSI?
"(Pause.)
"THE DEFENDANT:  Yes, sir, I do. But—
"THE COURT:  What objections are those? What entries do you object to?
"THE DEFENDANT:  I'll deal with that at a later time, sir.
"THE COURT:  No. I need to know now if you have an objection to the findings in your PSI as far as criminal history, criminal history category, or severity level of offenses.
"THE DEFENDANT:  Well—
"THE COURT:  Do you object to any specific entries in your PSI concerning. . .
"THE DEFENDANT:  As I've stated just before, Your Honor, I'll deal with that at a later time.

"THE COURT:  Entries 1 through 42 comprise your history of prior convictions that's been prepared in advance of and in anticipation of this sentencing. Do you feel any of those prior conviction[s] are incorrect?

"THE DEFENDANT:  Due to the sentencing guidelines that were enacted from July the 1st, 1993, and the crimes categorized as persons and nonperson felonies, before that new sentencing guidelines was enacted, there was no such thing as a person or a nonperson felony. So therefore, yes, I do object to the presentence outcome of the investigation, sir.

"THE COURT:  All right. And that's your only basis for objection to any of the findings set forth in the PSI?

"THE DEFENDANT:  Yes, sir."

Phillips filed his first appeal, arguing that his speedy trial rights were violated when defense counsel continued the case multiple times at hearings outside his presence. *Phillips I*, 2017 WL 4216234, at *1. This court reversed the trial court's denial of Phillips' motion to dismiss for violation of speedy trial rights, citing *State v. Wright*, 305 Kan. 1176, 390 P.3d 899 (2017). *Phillips I*, 2017 WL 4216234, at *1. This court remanded for further proceedings and factual findings on Phillips' speedy trial rights. Because this court remanded, it declined to consider Phillips' other arguments related to sufficiency of the evidence. 2017 WL 4216234, at *4.

On remand, the trial court ruled that the violation of Phillips' right to be present was harmless, finding that if the case was tried within 90 days the State would have been ready for trial and the evidence would have been sufficient to convict Phillips. Phillips appealed a second time, arguing that the evidence did not support the trial court's harmlessness finding. He also restated his argument that the evidence at trial was insufficient to convict him, which this court previously declined to address. And he raised an illegal sentence challenge, asserting that the State failed to meet its evidentiary burden to support his criminal history score. This court affirmed the trial court's ruling that granting continuances when Phillips was not present was harmless error. And this court

affirmed Phillips' convictions as supported by sufficient evidence. But this court held that the State failed to prove Phillips' criminal history by a preponderance of the evidence. Thus, this court vacated his sentence and remanded to the trial court. *State v. Phillips*, No. 122,736, 2021 WL 5264758 (Kan. App. 2021) (unpublished opinion) (*Phillips II*).

ANALYSIS

*Did the trial court err in calculating Phillips' criminal history score?*

An illegal sentence is a sentence imposed by a court that lacks jurisdiction; a sentence that does not conform to the applicable statutory provisions, either in character or the length of the punishment authorized; or a sentence that is ambiguous on the time and manner in which it is to be served. K.S.A. 2020 Supp. 22-3504(c)(1). Whether a sentence is illegal under K.S.A. 2020 Supp. 22-3504 is a question of law over which we exercise unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). The party asserting an illegal sentence bears the burden of proving some evidentiary basis of illegality. See *State v. Patterson*, 262 Kan. 481, 485-86, 939 P.2d 909 (1997).

The PSI report prepared for sentencing showed Phillips had a criminal history score of A. To receive a criminal history score of A, a defendant must have three or more adult convictions or juvenile adjudications for person felonies. K.S.A. 2020 Supp. 21-6809. The felony conviction that Phillips challenges here is a conviction for "Flee or Attempt to Elude an Officer" from February 2002. If the trial court had counted this conviction as a misdemeanor rather than a felony, then Phillips' criminal history score would have reduced from A to B (two person felony convictions). See K.S.A. 2020 Supp. 21-6809. This reduction in Phillips' criminal history score would also reduce his presumptive prison sentence. See K.S.A. 2020 Supp. 21-6804(a).

4

When this court remanded to the trial court, it noted that the PSI report lists the statute violated as K.S.A. 8-1568. Under K.S.A. 8-1568(a), fleeing or attempting to elude a police officer can be a class B misdemeanor, class A misdemeanor, or a severity level 9 person felony, depending on whether the defendant has prior convictions for fleeing or attempting to elude. But a conviction under K.S.A. 8-1568(b) is a person felony. Phillips argued that the State failed to meet its burden of proof because the PSI report did not specify whether Phillips violated (a) or (b).

"At the sentencing hearing, the State bears the burden of proving the constitutional validity of prior convictions used to enhance a sentence." *State v. Jones*, 272 Kan. 674, 681, 35 P.3d 887 (2001). K.S.A. 2020 Supp. 21-6814 outlines the steps for meeting this burden of proof:

> "(a) The offender's criminal history shall be admitted in open court by the offender or determined by a preponderance of the evidence at the sentencing hearing by the sentencing judge.
> "(b) Except to the extent disputed in accordance with subsection (c), the summary of the offender's criminal history prepared for the court by the state shall satisfy the state's burden of proof regarding an offender's criminal history.
> "(c) Upon receipt of the criminal history worksheet prepared for the court, the offender shall immediately notify the district attorney and the court with written notice of any error in the proposed criminal history worksheet. Such notice shall specify the exact nature of the alleged error."

Phillips did not object to his 2002 conviction for fleeing or attempting to elude being scored as a felony. But he also did not admit to his criminal history, taking the opportunity to object generally to the use of person/nonperson classifications. Phillips did not give the trial court or the State written notification of any alleged error in his criminal history worksheet as required by K.S.A. 2020 Supp. 21-6814(c).

5

Our Supreme Court decided *State v. Roberts*, 314 Kan. 316, 498 P.3d 725 (2021), a week after this court released *Phillips II*. J'Mario D. Roberts personally admitted that his criminal history score was correct at sentencing. But on direct appeal, Roberts raised a challenge to his criminal history score. He argued that the State failed to show that his three misdemeanor municipal court convictions were counseled or that he waived his right to counsel. "An uncounseled misdemeanor conviction obtained in violation of the misdemeanant's Sixth Amendment right to counsel may not be collaterally used for sentence enhancement in a subsequent criminal proceeding." *State v. Youngblood*, 288 Kan. 659, Syl. ¶ 3, 206 P.3d 518 (2009). On appeal, Roberts argued that the State had the burden of proving that his misdemeanor convictions were counseled to allow the trial court to count them toward his criminal history score.

The *Roberts* court interpreted the burden-shifting language in K.S.A. 2020 Supp. 21-6814(c) to place the burden on Roberts.

> "The State can satisfy its burden to establish criminal history by preparing for the court and providing to the offender a summary of the offender's criminal history. If the defendant provides written notice of any error in the summary criminal history report and describes the exact nature of that error, then the State must go on to prove the disputed portion of the criminal history. In the event the offender does not provide the required notice of alleged criminal history errors, then the previously established criminal history in the summary satisfies the State's burden, and the burden of proof shifts to the offender to prove the alleged criminal history error by a preponderance of the evidence." *Roberts*, 314 Kan. at 322.

Roberts did not provide the required notice of alleged criminal history errors, so the previously established criminal history in the summary satisfied the State's burden at sentencing. Roberts argued that the burden would remain with the State in the context of a direct appeal. But the *Roberts* court held that, once the State meets its burden at sentencing, the burden shifts to the defendant whether the defendant brings a challenge

on direct appeal or in a later motion to correct an illegal sentence. 314 Kan. at 323, 331-32.

Phillips did not object to his conviction for fleeing or eluding an officer counting as a felony, which affects the burden of proof. In this respect, Phillips differs slightly from Roberts. When the sentencing court asked Roberts if he personally admitted to his criminal history, Roberts said yes. 314 Kan. at 318; see *State v. Corby*, 314 Kan. 794, 795, 502 P.3d 111 (2022). In *Corby*, our Supreme Court held that K.S.A. 2020 Supp. 21-6814(a) sets forth two potential paths for calculating criminal history: the defendant admits criminal history; or the defendant does not admit criminal history and the court must determine criminal history by a preponderance of the evidence. 314 Kan. at 796. The PSI report showed that Phillips was convicted under K.S.A. 8-1568 without specifying the subsection, but it listed the conviction as "AFP" or adult person felony. Phillips did not object to that classification. Thus, the PSI report satisfied the State's burden of proof at the sentencing hearing on Phillips' criminal history in the manner set forth in K.S.A. 2020 Supp. 21-6814(b). 314 Kan. at 797 ("The summary of the offender's criminal history prepared for the court by the State shall satisfy the State's burden of proof regarding an offender's criminal history, unless the offender provides the district attorney and the court with written notice specifying the exact nature of any alleged error."). Because Phillips failed to object under K.S.A. 2020 Supp. 21-6814(c) at or before sentencing, Phillips has the burden to show by a preponderance of the evidence that the trial court erred in calculating his criminal history score.

Notably, Phillips does not point to any evidence, or even argue, that he was convicted of misdemeanor fleeing or attempting to elude in 2002. He simply argues that the conviction *might* have been a misdemeanor. See 314 Kan. at 795. Thus, he makes no attempt to assert that he received an illegal sentence or to show how his sentence was illegal. Posing a mere possibility and making conclusory assertions is an insufficient basis for correction of an illegal sentence. Phillips has failed to make a colorable claim

that his sentence was illegal under K.S.A. 2020 Supp. 22-3504(c)(1). Thus, we dismiss Phillips' claim that his sentence was illegal.

For the preceding reasons, we affirm the sentence imposed by the trial court.

Affirmed.