NOT DESIGNATED FOR PUBLICATION

No. 126,460

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW T. FISHER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Submitted without oral argument. Opinion filed December 13, 2024. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Amy L. Aranda*, first assistant county attorney, *Marc Goodman*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ATCHESON, P.J., HURST and PICKERING, JJ.

PICKERING, J.: Matthew T. Fisher appeals the district court's denial of his motion to correct an illegal sentence. On appeal, Fisher claims the district court erred in finding his motion procedurally barred and asks us to remand the case for an evidentiary hearing to consider the merits of his motion. Fisher is correct that courts can correct an illegal sentence at any time and, thus, his motion was not procedurally barred. Nevertheless, the district court was right to deny his motion because Fisher has not established a record affirmatively showing that his municipal court convictions were uncounseled. Therefore, we find the district court was right for the wrong reason and affirm.

1

In 2013, a jury convicted Fisher of attempted second-degree murder and criminal damage to property. According to the presentence investigation (PSI) report, it listed six person misdemeanor convictions that were converted to felonies: four municipal court convictions and two state court convictions. Two municipal court convictions were from Wichita and two were from Emporia and, for all six of the converted convictions, Fisher was represented by counsel. As three misdemeanors are converted to one felony, here, the six misdemeanors converted to two felonies. The PSI report contained two other person misdemeanors that were not converted to felonies. Two unscorable misdemeanors, where Fisher was not represented by counsel, were also noted, but neither of these entries was used in calculating his history score. At sentencing, Fisher did not object to his criminal history score. The district court sentenced Fisher to 247 months in prison based on a criminal history score of A.

In 2014, while his direct appeal was pending, Fisher filed his first motion to correct an illegal sentence, challenging the classification of his pre-1993 felony convictions following our Supreme Court's ruling in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014). The district court summarily denied the motion. Fisher raised the same illegal sentence claim in his direct appeal. Noting *Murdock* was overruled by *State v. Keel*, 302 Kan. 560, 589, 357 P.3d 251 (2015), the Supreme Court rejected his claim. *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 (2016).

In 2020, Fisher filed his second motion to correct an illegal sentence, which is the subject of this appeal. He claimed his four municipal court convictions that were converted to felonies were uncounseled in violation of the Sixth Amendment to the United States Constitution and should not have been used to enhance his sentence. To his motion, Fisher attached documents from his municipal court cases. The documents included a court summons and a case information sheet from Fisher's Emporia Municipal

Court convictions, neither of which indicated whether Fisher had counsel. Also attached were three journal entries from convictions in Wichita Municipal Court, each of which had "CPD" marked next to the defense counsel listing. Two of the three Wichita journal entries were from convictions converted to felonies in Fisher's PSI report. The other Wichita journal entry was not included in the PSI report.

At the motion hearing, the State informed the district court that because the Emporia Municipal Court no longer retained records from Fisher's convictions, it could not obtain a waiver or record of counsel for Fisher's convictions. The State presented the journal entries from Fisher's two converted Wichita Municipal Court convictions as evidence. During the hearing, a Wichita Municipal Court deputy clerk testified that the "CPD" markings on the Wichita journal entries stood for city public defender, indicating Fisher had appointed counsel for those convictions. Fisher told the district court he had submitted four exhibits, though those exhibits were not admitted as evidence.

During argument, Fisher's counsel explained the argument for finding that Fisher was not represented by counsel. He told the district court that the Emporia Municipal Court documents did not "seem to be any indication of any sort of counsel." Fisher's counsel also stated how Fisher "originally had an agreement with [the State] that we acknowledged that the Emporia Municipal Court cases were uncounseled."

The State acknowledged that it "was not able to obtain documents sufficient to satisfy the State that [Fisher] was represented by counsel." The State argued, however, that the PSI report reflected Fisher had counsel and Fisher did not object to the PSI report at his original sentencing. The State also noted the PSI report included five remaining person misdemeanors which could convert to felonies to give Fisher at least a criminal history score of B. The State acknowledged the PSI report actually listed six other person misdemeanors, but it said it was uncertain that one of the unconverted misdemeanors would "actually convert under our sentencing guidelines." The State further asserted it

was prejudiced by Fisher's delay in filing his motion because it was unable to obtain records from Fisher's Emporia Municipal Court convictions. The State did not address Fisher's claim that the parties originally agreed his Emporia convictions were uncounseled.

Ruling on the motion, the district court believed Fisher should have raised his current challenge to his criminal history at sentencing or on direct appeal. The court concluded:

"I'm of the opinion that this matter should have been an issue to be appealed at the time of sentencing. The Court made a criminal history finding and it wasn't appealed. That may raise the issue of ineffective assistance of counsel, but that's not what we're here for today. The law of the case is that those misdemeanors should be converted and were converted and that wasn't appealed.

"So I'm going to deny the motion to correct illegal sentence based upon the finding that the Court entered a criminal history finding of Category A at the time of sentencing when the defendant was represented by counsel. And that particular issue presented here today was not appealed primarily because of the argument made by [the State] is that at some point these misdemeanor municipal court records do, in fact, disappear and the time to challenge it is at the time of sentencing pursuant to the sentencing guidelines. So motion to correct sentence is denied."

This appeal followed.

ANALYSIS

### DID THE DISTRICT COURT ERR IN DENYING THE MOTION TO CORRECT AN ILLEGAL SENTENCE?

*Standard of Review*

Whether a sentence is illegal is a legal question subject to unlimited review. *State v. Johnson*, 317 Kan. 458, 461, 531 P.3d 1208 (2023).

*Analysis*

"The court may correct an illegal sentence at any time while the defendant is serving such sentence." K.S.A. 22-3504(a). A sentence is illegal if (1) the sentencing court lacks jurisdiction; (2) the sentence violates the sentencing statutes; or (3) the sentence is ambiguous regarding the time and manner for serving such sentence. K.S.A. 22-3504(c)(1). Uncounseled misdemeanor convictions obtained in violation of a defendant's Sixth Amendment right to counsel cannot be used to enhance the defendant's sentence for a subsequent conviction. See *State v. Roberts*, 314 Kan. 316, 321, 498 P.3d 725 (2021).

At the time of sentencing, the State must prove the defendant's criminal history by a preponderance of the evidence. K.S.A. 21-6814(a). However, that burden shifts to the defendant if the defendant challenges his or her criminal history for the first time after the defendant's criminal history score is already established. K.S.A. 21-6814(c).

Fisher claims the district court erred in denying his motion for failing to object to his criminal history at sentencing or challenging his sentence on direct appeal. He contends the district court's ruling bars him from challenging his sentence based on his

5

trial counsel's stipulation to his criminal history. Fisher argues he cannot stipulate to an erroneous application of the law allowing uncounseled convictions to be converted to felonies. He claims the district court's ruling was erroneous under our Supreme Court's holding in *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015), that courts can correct an illegal sentence at any time.

Because the district court denied Fisher's motion without considering the merits, Fisher asks us to remand for consideration of the merits of his motion. He argues there remain unanswered questions regarding whether his municipal court convictions were uncounseled. Fisher further contends his criminal history should be lowered to D, proffering that the Emporia Municipal Court journal entries did not show whether he had counsel.

The State responds that Fisher's motion should be barred by laches. The State claims by the time Fisher filed his current motion, the Emporia Municipal Court no longer retained the records from his convictions. The State asserts Fisher could have raised his current illegal sentence challenge on direct appeal and the seven-year delay in filing the current motion was unreasonable. Alternatively, the State contends Fisher failed to meet his burden to prove his convictions were uncounseled. Notwithstanding the Emporia convictions lacking records, the State claims Fisher would still have a criminal history score of B due to the other person misdemeanors in the PSI report. The State asks us to either affirm the district court's ruling or remand for resentencing under a criminal history score of B.

Fisher was sentenced in 2013 and filed his current motion to correct an illegal sentence in 2020. Fisher previously raised a different illegal sentence claim on his direct appeal. To his motion, Fisher attached journal entries from his Wichita Municipal Court convictions and two documents from his Emporia Municipal Court convictions. A Wichita Municipal Court deputy clerk testified that the Wichita journal entries indicated

6

Fisher was represented by the city public defender. The Emporia documents Fisher attached to his motion did not show whether he had counsel. The district court denied Fisher's motion, ruling that Fisher should have raised his current illegal sentence claim at his original sentencing or on direct appeal. The district court did not address the merits of Fisher's motion.

### 1. *Laches*

Our Supreme Court explained the doctrine of laches in *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 388-89, 22 P.3d 124 (2001):

> "[Laches] is defined as the neglect to assert a right or claim which, taken together with the lapse of time and other circumstances causing prejudice to the adverse party, operates as a bar in a court of equity. . . . In order to invoke the doctrine of laches, the moving party must show that it has been prejudiced or put at disadvantage by the delay. [Citation omitted.]"

In *State v. Walker*, 277 Kan. 849, 852-53, 89 P.3d 920 (2004), our Supreme Court rejected a laches claim on a motion to correct an illegal sentence where the State argued resentencing would cause prejudice by traumatizing the victim's family. Citing the ability to correct an illegal sentence at any time, another panel of this court also rejected the argument that laches barred the State from moving to correct an illegal sentence in *State v. Lawson*, No. 91,691, 2005 WL 517079, at *2 (Kan. App. 2005) (unpublished opinion).

Furthermore, our Supreme Court has held numerous times that a motion to correct an illegal sentence is not barred by failure to raise an issue on direct appeal. See *State v. Hayes*, 312 Kan. 865, 867, 481 P.3d 1205 (2021) (K.S.A. 2018 Supp. 22-3504[1] operates as legislative override of principle of res judicata when issue not raised in prior motion); *State v. Smith*, 309 Kan. 977, 985, 441 P.3d 1041 (2019) (failure to raise issue on direct appeal does not foreclose motion under K.S.A. 2018 Supp. 22-3504[2]); *State v.*

*Alonzo*, 296 Kan. 1052, 1057-58, 297 P.3d 300 (2013) (defendant who did not challenge sentence on direct appeal is not barred by res judicata from later filing motion to correct illegal sentence under K.S.A. 22-3504[1] [Furse 2007]).

Accordingly, the district court erred in finding Fisher's motion to correct an illegal sentence procedurally barred. As explained below, this finding does not end our analysis.

2.      *Did Fisher meet his burden of proof?*

Upon finding that Fisher's motion was not barred by laches, we next consider the State's argument that Fisher failed to meet his burden of proof. The State asks us to affirm the court's decision denying Fisher's motion due to failing to meet his burden. The State is essentially asking us to affirm the district court's decision as right for the wrong reason. See, e.g., *State v. Robinson*, 293 Kan. 1002, 1023, 270 P.3d 1183 (2012) (appellee's alternative argument was to affirm lower court's ruling as right for the wrong reason).

When a defendant is convicted in violation of his or her Sixth Amendment right to counsel, the uncounseled conviction may not be used to enhance a defendant's sentence. See *Roberts*, 314 Kan. at 321. Fisher, as the appellant, "bears the burden of designating a record that affirmatively shows prejudicial error. Without such a record, we presume the action of the trial court was proper." *State v. Galloway*, 311 Kan. 238, 251, 459 P.3d 195 (2020).

Here, Fisher claimed in his motion for an illegal sentence that four of his prior municipal court convictions converted to felonies were uncounseled. He attached journal entries from his Wichita convictions that showed "CPD" on the defense attorney line. It appears that Fisher was unaware that "CPD" stands for "city public defender." Fisher also attached documents from his Emporia convictions, though the Emporia documents did not show whether he had counsel.

At the evidentiary hearing, the State presented testimony that the "CPD" marking on the Wichita journal entries meant Fisher was represented by the city public defender. During the hearing, the State stated that the Emporia Municipal Court no longer retained records of Fisher's convictions. Fisher did not present testimony at the hearing. While Fisher's counsel told the district court he had marked four exhibits, and the district court appeared to have viewed the exhibits, the exhibits were not admitted into evidence.

In support of its argument that Fisher was represented by counsel for all four misdemeanors, the State pointed to the 2013 PSI report. (The State had earlier asked the court to take judicial notice of the PSI report.) The State told the court: "I would note to the Court that at the time of sentencing, the PSI [report] reflected that [Fisher] was represented by counsel and the defendant did not contest that finding at the time of the original sentencing hearing." The record on appeal does include the 2013 PSI report, which lists all six converted misdemeanors and includes the statement, "represented by counsel."

Other panels of this court have affirmed denials of motions to correct an illegal sentence where appellants failed to affirmatively show error. In *State v. Rhodeman*, No. 94,506, 2006 WL 1071658 (Kan. App. 2006) (unpublished opinion), Rhodeman filed a motion to correct an illegal sentence, claiming one of his prior convictions was uncounseled. The district court summarily denied the motion. The *Rhodeman* panel found that because Rhodeman failed to provide a record to show that his prior conviction was uncounseled, he did not meet his burden to affirmatively show error. 2006 WL 1071658, at *3.

In *State v. Gardner*, No. 101,289, 2009 WL 2766754 (Kan. App. 2009) (unpublished opinion), Gardner filed a motion to correct an illegal sentence, alleging the sentencing court illegally aggregated three class C misdemeanors to a person felony. The district court denied the motion after a nonevidentiary hearing. The *Gardner* panel found

the record "inadequate" to determine whether Gardner's claimed convictions under municipal ordinances were equivalent to battery under state law. 2009 WL 2766754, at *2. The panel also noted that Gardner's PSI report showed the convictions as assault under state law rather than as municipal ordinance violations. Therefore, the panel concluded Gardner failed to establish a record affirmatively showing error. 2009 WL 2766754, at *2.

The record in this case appears somewhat more substantive than the records in *Rhodeman* and *Gardner* with the inclusion of Fisher's municipal court documents. The documents attached to Fisher's motion did not affirmatively show that Fisher did not have counsel for those convictions. Notably, although the district court made no factual findings in this case, the 2013 PSI report lists all six converted misdemeanors, which are accompanied by the statement, "represented by counsel." There is also evidence that Fisher had counsel during his Wichita convictions, but the record is inconclusive on whether Fisher had counsel during his Emporia convictions. Therefore, because the record does not affirmatively show that Fisher's convictions were uncounseled, Fisher has not affirmatively shown error. Accordingly, we find the district court was right for the wrong reason and affirm the district court's denial of Fisher's motion. See *State v. Vasquez*, 287 Kan. 40, 59, 194 P.3d 563 (2008).

Affirmed.