NOT DESIGNATED FOR PUBLICATION

No. 123,346

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHELDON JACK HERRELSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cherokee District Court; OLIVER KENT LYNCH, judge. Opinion filed January 7, 2022. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Sheldon Jack Herrelson raises two challenges to the determination of his criminal history score. First, he claims the district court erred in classifying his Joplin, Missouri, municipal ordinance violation for larceny in his criminal history score as a misdemeanor. Next, he argues allowing a district court judge—instead of a jury—to make factual findings relating to his prior convictions to establish his presumptive sentence violates section 5 of the Kansas Constitution Bill of Rights and the Sixth Amendment to the United States Constitution. We do not find his arguments persuasive, since he admitted the district court's classification of the municipal ordinance violation as

1

a misdemeanor was correct and the Kansas Supreme Court has already rejected his constitutional arguments. As a result, we affirm Herrelson's sentence.

FACTS

Based on an incident that occurred on December 16, 2019, the State charged Herrelson with kidnapping and aggravated robbery, both severity level 3 person felonies. Herrelson's criminal history worksheet included three prior misdemeanor offenses, two of which were scored as adult nonperson misdemeanors. Based on this history, the district court assessed Herrelson a criminal history score of H. See K.S.A. 2019 Supp. 21-6809.

One of Herrelson's prior offenses was a municipal ordinance violation from Joplin, Missouri, for larceny. His criminal history worksheet did not include an ordinance number for the offense; it only included the description "Larceny (K.S.A. 21-5801)."

Herrelson pleaded guilty to both charges under a plea agreement. This agreement noted:

> "The State and the Defendant anticipate the Defendant's criminal history score will be H. The Defendant is presumed to have knowledge of all prior criminal convictions, including juvenile adjudications. The Defendant has had an opportunity to obtain a preliminary criminal history report before entering this plea. The Defendant waives any challenge to convictions listed in the preliminary criminal history report."

The presentence investigation (PSI) report listed the same prior convictions as Herrelson's criminal history worksheet—including the Joplin, Missouri, municipal ordinance violation. And, just like the worksheet, the PSI report scored the violation as an "Adult Misdemeanor Nonperson" and only included the description "Larceny (K.S.A. 21-5801)," with no correlating ordinance number for the offense.

2

At sentencing, Herrelson's attorney admitted he received the PSI report and had no challenges to the criminal history. Herrelson informed the district court that he had also reviewed his criminal history in the report and admitted all the convictions were listed correctly. Based on Herrelson's criminal history score of H, the court sentenced Herrelson to 71 months in prison for the kidnapping offense and 59 months in prison for the aggravated robbery offense and ordered the sentences to run concurrent.

ANALYSIS

Herrelson now argues the district court erred in including his prior Missouri municipal ordinance violation in his criminal history. He claims the district court should not have scored the Missouri municipal ordinance violation as a misdemeanor because: (1) it is not an "out-of-state" conviction, as that term is defined in K.S.A. 2018 Supp. 21-6811(e)(4); and (2) Missouri municipal ordinance violations are not "crimes" under Missouri state law, and K.S.A. 2018 Supp. 21-6811(e)(2), by its plain language, requires a prior out-of-state conviction to be a "crime" to be scored. He also argues the State failed to prove his criminal history score by a preponderance of the evidence. Herrelson asks us to vacate his sentence and remand for resentencing using a criminal history score of I instead of H.

While Herrelson did not object to his criminal history score below, he correctly notes we may consider an illegal sentence challenge for the first time on appeal. See *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019) ("Under K.S.A. 22-3504, '[t]he court may correct an illegal sentence at any time,' and, therefore, this court may consider an illegal sentence challenge for the first time on direct appeal."). And a misclassification of a prior conviction creates an illegal sentence which we can correct any time. *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016); see also K.S.A. 2019 Supp. 21-6820(e)(2), (e)(3) (providing that in any appeal from a judgment of conviction, appellate court may review claim that sentencing court erred in including recognition of prior

3

conviction for criminal history scoring purposes or claim that sentencing court did not appropriately classify prior conviction for criminal history purposes).

Under the revised Kansas Sentencing Guidelines Act (KSGA), an offender's sentencing range is determined by both the severity level of the current crime and the offender's criminal history score. *State v. Smith*, 309 Kan. 929, 933, 441 P.3d 472 (2019). And K.S.A. 2019 Supp. 21-6811 supplies the rules a district court must follow when determining an offender's criminal history score. Relevant here, subsection (e) of that statute "governs how a sentencing court translates a prior out-of-state crime into the language of the KSGA for purposes of calculating criminal history." *Smith*, 309 Kan. at 934; see K.S.A. 2019 Supp. 21-6811(e). District courts classify prior out-of-state convictions under subsection (e) using a two-step process:  First, the court must "'classify the crime as a felony or misdemeanor consistent with the classification made by the convicting jurisdiction'" and second, the court must classify the crime as either a person or nonperson offense, which the court does by referring to comparable offenses under the Kansas Criminal Code that was in effect when the defendant committed the current crime of conviction. *Smith*, 309 Kan. at 934-35.

To begin, Herrelson committed his crimes in December 2019, so the law in effect at that time controls his sentence. See *State v. Rice*, 308 Kan. 1510, 1512, 430 P.3d 430 (2018) ("Criminal statutes and penalties in effect at the time of the criminal act are controlling."). This means K.S.A. 2019 Supp. 21-6811 controls the issue.

The KSGA requires the use of "[o]ut-of-state convictions" in classifying a defendant's criminal history score. K.S.A. 2019 Supp. 21-6811(e)(1). K.S.A. 2019 Supp. 21-6811(e)(4) defines out-of-state convictions as "[c]onvictions or adjudications occurring within the federal system, other state systems, the District of Columbia, foreign, tribal or military courts."

4

Herrelson argues that his prior Missouri municipal ordinance violation cannot be scored in his criminal history because K.S.A. 2018 Supp. 21-6811(e)(4)'s definition of out-of-state convictions does not include out-of-state municipal convictions. He also argues that out-of-state municipal convictions cannot be considered convictions within a "foreign" court under K.S.A. 2018 Supp. 21-6811(e)(4).

The State correctly notes that a panel of this court recently considered and rejected the same arguments Herrelson presents here in *State v. Keith*, No. 122,456, 2021 WL 2387240, at *5 (Kan. App. 2021) (unpublished opinion), *rev. denied* 314 Kan. __ (December 9, 2021). In *Keith*, the defendant similarly argued that Missouri municipal ordinance violations were not included in the K.S.A. 2018 Supp. 21-6811(e) list of out-of-state convictions. But the panel rejected this argument, concluding that Missouri municipal courts are part of the Missouri "state system," thus, falling under the "other state systems" category in K.S.A. 2018 Supp. 21-6811(e)(4). 2021 WL 2387240, at *5. The panel reached this conclusion after noting that (1) Mo. Rev. Stat. § 479.010 provides that "'[v]iolations of municipal ordinances shall be heard and determined only before divisions of the circuit court'"—making the municipal court a division of the Missouri circuit court; (2) Mo. Rev. Stat. § 479.070 says the docket and records kept by a municipal judge are records of the circuit court; and (3) Mo. Rev. Stat. § 479.200 assigns an appeal from a bench trial before a municipal judge to the circuit court, providing the defendant with the right to a trial de novo before a circuit judge or associate circuit judge. *Keith*, 2021 WL 2387240, at *5.

In addition, another panel of this court, in *State v. Cross*, No. 121,517, 2020 WL 5079891, at *2-3 (Kan. App. 2020) (unpublished opinion), also considered and rejected the same argument. In *Cross*, the panel relied, in part, on the same reasoning set forth in *Keith*—that the Missouri municipal court is a division of the Missouri circuit court—to conclude that the Missouri municipal ordinance violations were out-of-state convictions under K.S.A. 2018 Supp. 21-6811(e)(4). 2020 WL 5079891, at *3. But the *Cross* panel

also based its conclusion on: (1) the KSGA explicitly stating that municipal ordinance violations must be considered in determining a defendant's criminal history—specifically referencing K.S.A. 2018 Supp. 21-6810(a), which provides that criminal history includes "'convictions and adjudications for violations of municipal ordinances . . . which are comparable to any crime classified under the state law of Kansas as a person misdemeanor,'" and K.S.A. 2018 Supp. 21-6810(d)(6), which states that "'all municipal ordinance and county resolution violations comparable to such misdemeanors, shall be considered and scored'"; (2) K.S.A. 2018 Supp. 21-6811(e)(4)'s reference to other state "systems," which implies a structure or organization of multiple courts rather than a single court; and (3) the panel's conclusion that because the types of convictions the KSGA considers include municipal ordinance violations and juvenile adjudications, the term "state court systems" in K.S.A. 2018 Supp. 21-6811(e)(4) "must broadly refer to all courts in other states that issue the convictions and adjudications scored by the KSGA." *Cross*, 2020 WL 5079891, at *2-3.

Although *Keith* and *Cross* are both unpublished opinions, the reasoning set forth in these opinions remains good law which we find persuasive. We, therefore, similarly find that Herrelson's Missouri municipal ordinance violation is an out-of-state conviction under K.S.A. 2019 Supp. 21-6811(e)(4).

Herrelson next argues that his municipal violation cannot be considered in determining his criminal history score because K.S.A. 2018 Supp. 21-6811(e)(2) specifically uses the term "crime," and Missouri municipal ordinance violations are not "crimes." Although Herrelson's argument centers on the language in subsection (e)(2), the State's argument incorporates language from subsection (e)(1). The relevant portions of K.S.A. 2019 Supp. 21-6811(e) provide:

> "(e)(1) Out-of-state *convictions and juvenile adjudications* shall be used in classifying the offender's criminal history.

6

"(2) An out-of-state *crime* will be classified as either a felony or a misdemeanor according to the convicting jurisdiction.

(A) If a *crime* is a felony in the convicting jurisdiction, it will be counted as a felony in Kansas.

(B) If a *crime* is a misdemeanor in the convicting jurisdiction, the state of Kansas shall refer to the comparable offense under the Kansas criminal code in effect on the date the current crime of conviction was committed to classify the out-of-state crime as a class A, B or C misdemeanor. If the comparable offense in the state of Kansas is a felony, the out-of-state crime shall be classified as a class A misdemeanor. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state crime shall not be used in classifying the offender's criminal history.

(C) If a *crime* is not classified as either a felony or a misdemeanor in the convicting jurisdiction, the state of Kansas shall refer to the comparable offense under the Kansas criminal code in effect on the date the current crime of conviction was committed to classify the out-of-state crime as either a felony or a misdemeanor. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state crime shall not be used in classifying the offender's criminal history." (Emphases added.)

Herrelson focuses on the use of the term "crime" in subsection (e)(2) and argues that his Missouri municipal violation cannot be considered in determining his criminal history score because Missouri municipal ordinance violations are not "crimes." Herrelson cites various Missouri cases to support his assertion that Missouri ordinances are not considered crimes under Missouri law but are instead considered quasi-criminal. He also cites *Smith*, 309 Kan. 929, to assert that the Kansas Supreme Court "has expressed skepticism that Missouri municipal ordinance violations can be scored in an offender's criminal history." He notes that in *Smith*, 309 Kan. at 938-40, the court determined that prior Missouri municipal ordinance violations could not be scored as prior convictions under subsection (e)(2) because they were not crimes under Missouri law or designated as misdemeanors. He asserts that two panels of this court have concluded that prior Missouri municipal ordinance violations cannot be used in an

7

offender's criminal history score—citing *State v. Guenther*, No. 116,386, 2018 WL 2073521, at *10-12 (Kan. App. 2018) (unpublished opinion), and *Cross*, 2020 WL 5079891—and urges us to similarly find that his Missouri municipal ordinance violation cannot be considered in determining his criminal history.

In *Smith*, the defendant argued that the district court should not have included her Lake Lotawana, Missouri, municipal ordinance violation for endangering the welfare of a child in her criminal history score calculation because a crime's classification for criminal history score purposes depends on how the convicting jurisdiction classifies the crime— and under Missouri law, city ordinance violations are not crimes. The Kansas Supreme Court ultimately found the district court erred and remanded for resentencing with directions to exclude the Missouri ordinance violation because "Missouri does not consider municipal ordinance violations to be crimes, *and the relevant municipal code designates some violations as misdemeanors, but not Smith's*." (Emphasis added.) *Smith*, 309 Kan. at 930. The *Smith* court explained:

> "[W]e hold the district court erred. When, as here, the convicting jurisdiction uses felony or misdemeanor classifications, the statute's plain language precludes the district court's designation of this offense as a misdemeanor because Smith's ordinance violation is neither a felony nor a misdemeanor 'according to the convicting jurisdiction.'
>
> "The KSGA fails to address this fairly obvious circumstance when a crime is not designated as a felony or a misdemeanor in the convicting jurisdiction. . . .
>
> . . . .
>
> "In Smith's case, the ordinance violation is not a crime under Missouri state law. And even if it were, *the Lake Lotawana Municipal Code, which is the applicable jurisdiction, cannot serve as authority for such an upgrading because it specifically lists some other offenses as misdemeanors—but not this one*, i.e., endangering a child's welfare. [Citations omitted.]" (Emphasis added.) *Smith*, 309 Kan. at 939.

A few points can be gathered from the *Smith* opinion that are relevant here. First, *Smith* confirmed that, to calculate an offender's criminal history score, an out-of-state

8

crime is classified as either a felony or a misdemeanor according to the convicting jurisdiction. 309 Kan. at 930 ("Under the [KSGA], an out-of-state crime is classified as either a felony or a misdemeanor according to the convicting jurisdiction when calculating an offender's criminal history score."). Second, it is evident from the court's holding, referenced above, that when the prior offense is a municipal code violation, the convicting jurisdiction includes both the State and the municipality. See 309 Kan. at 939. And, thus, even when the State law does not consider municipal ordinance violations to be crimes, if the municipal ordinance violation is classified as a felony or a misdemeanor in the municipal code, the municipal code serves as the authority to both classify the offense and include it in the criminal history score. See 309 Kan. at 939.

Following the Kansas Supreme Court's decision in *Smith*, a panel of this court clarified in *Keith* that *Smith* only addressed municipal ordinance violations that were not classified as misdemeanors or felonies in the municipal code. *Keith*, 2021 WL 2387240, at *6-7. The *Keith* panel concluded: "In short, Missouri municipal code offenses are not crimes *unless they contain language classifying them as either misdemeanors or felonies*." (Emphasis added.) 2021 WL 2387240, at *7.

Herrelson only argues that his Missouri municipal ordinance violation cannot be part of his criminal history score based on Missouri state law—asserting that Missouri municipal ordinance violations are not crimes under Missouri law. But he fails to address whether the Joplin Municipal Code classifies his larceny offense as a felony or a misdemeanor.

Herrelson argues that we must remand because he claims the State failed to meet its burden of establishing his criminal history score by a preponderance of the evidence. The State responds that since Herrelson admitted his Missouri convictions were misdemeanors, it is his burden to prove error. We agree with the State, thus following the

9

path of *State v. Corby*, No. 122,584, 2021 WL 2275517 (Kan. App.) (unpublished opinion), *rev. granted* 314 Kan. __ (August 27, 2021). As *Corby* stated:

> "Our statutes are very specific about the burden of proof as to criminal histories. K.S.A. 2020 Supp. 21-6814(a) provides that an 'offender's criminal history shall be admitted in open court by the offender or determined by a preponderance of the evidence at the sentencing hearing by the sentencing judge.' If a defendant does not dispute the PSI, the PSI meets the state's burden of proof: 'Except to the extent disputed [by the defendant], the summary of the offender's criminal history prepared for the court by the state shall satisfy the state's burden of proof regarding an offender's criminal history.' K.S.A. 2020 Supp. 21-6814(b). And a defendant has a duty to notify the district attorney and the court of any error: 'Upon receipt of the criminal history worksheet prepared for the court, the offender shall immediately notify the district attorney and the court with written notice of any error in the proposed criminal history worksheet.' K.S.A. 2020 Supp. 21-6814(c). We follow those statutes here.
>
> "Corby's PSI showed his two prior convictions for fleeing and eluding under K.S.A 8-1568, which he now challenges, were 'AFP,' meaning adult felony person offenses, not misdemeanors. Rather than object at the sentencing hearing, Corby personally admitted that his criminal history in the PSI was correct. Because Corby made that admission in open court, the district court had no reason to determine by a preponderance of the evidence what his criminal history was. See K.S.A. 2020 Supp. 21-6814(a)." 2021 WL 2275517, at *3.

Although a petition for review was granted in *Corby*, the Kansas Supreme Court recently considered a similar issue in *State v. Roberts*, 314 Kan. __, 498 P.3d 725 (2021). That case asked whether the State has an affirmative duty to prove, even without an objection, that a previous misdemeanor was counseled or the person waived counsel before considering it as part of criminal history. The court held that the lack of an objection at sentencing shifts the burden to the defendant, even during the direct appeal:

> "Roberts admitted to his criminal history and did not object at or before sentencing to the constitutional validity or uncounseled nature of the prior misdemeanor

convictions used to enhance his current sentence. Accordingly, the criminal history set forth in the PSI reports satisfied the State's burden to prove the constitutional validity of the prior misdemeanor convictions." 498 P.3d at 737.

*Roberts* thus held that

"a defendant who fails to object under K.S.A. 2020 Supp. 21-6814(c) at sentencing to the constitutional validity of a prior conviction used to enhance a current sentence, based on a claim of the absence of counsel without a valid waiver, has the burden to show the prior conviction is invalid, regardless of whether the defendant's constitutional challenge to the allegedly uncounseled conviction in criminal history is brought on direct appeal of the current sentence or in a proceeding collaterally attacking that sentence." 498 P.3d at 736.

Similar to *Corby* and *Roberts*, Herrelson admitted to his criminal history stated in his PSI report and did not object at or before sentencing to its listing of his prior misdemeanor convictions used to enhance his sentence. Accordingly, the criminal history set forth in his PSI report satisfied the State's burden to prove the validity of the prior misdemeanor convictions. And because Herrelson has not convinced us that his PSI report was in error, we affirm his sentence.

Last, Herrelson argues the KSGA violates his right to a jury trial under both section 5 of the Kansas Constitution Bill of Rights and the Sixth Amendment because it permits judicial fact-finding of prior convictions to establish his sentence.

He did not raise these issues before the district court and acknowledges the general rule that a defendant cannot raise an issue for the first time on appeal. See *State v. Robison*, 314 Kan. 246, 247, 496 P.3d 892 (2021) (noting constitutional issue not raised before district court generally considered abandoned); *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014) (providing issues not raised before district court cannot be raised on appeal). Still, Herrelson asserts his claim falls within these exceptions to the general rule:

(1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case and (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights. See *Robison*, 314 Kan. at 247-48. An appellate court's decision to review an unpreserved claim under either of these exceptions is a prudential decision, and even when an exception is satisfied, appellate courts need not review the newly asserted claim. See 314 Kan. at 248.

We decline to exercise our discretion to address Herrelson's constitutional arguments for the first time on appeal. We also note the Kansas Supreme Court rejected each of the arguments Herrelson presents in *State v. Albano*, 313 Kan. 638, 643, 657, 487 P.3d 750 (2021) (holding KSGA provisions authorizing court to make criminal history findings for imposing a sentence do not violate section 5 of the Kansas Constitution Bill of Rights and reaffirming *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 [2002], stating that "the KSGA does not violate the Sixth and Fourteenth Amendments to the United States Constitution").

Affirmed.